UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CLAYTON SILVA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:21 CV 275 RWS |
| U.S. ARMY, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff Clayton Silva ("Silva") filed this suit on January 20, 2021 in the Circuit Court of the County of St. Charles. Defendant Perrigo Company, Inc. ("Perrigo") removed the case to this Court on March 4, 2021 and filed a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and failure to state a claim under Rule 12(b)(6) on March 11, 2021. Defendant Northstar Rx, LLC ("Northstar") also filed a motion to dismiss for lack of jurisdiction on March 11, 2021. The remaining defendants—the Central Intelligence Agency ("CIA"), the National Security Agency ("NSA"), the United States Air Force ("Air Force"), the United States Army ("Army"), and the United

1

States Navy ("Navy")—filed a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) on March 16, 2021.[1]

Each of the motions to dismiss emphasized the confusing, unclear nature of Silva's complaint. Because he is proceeding pro se in this case, I issued an order granting him the opportunity to file an amended complaint. After he did not file an amended complaint by the deadline, I issued another order informing Silva of his right to file a reply in opposition to Defendants' motions to dismiss. He did not file a reply brief. I will grant the Defendants' motions for the reasons explained below.

## BACKGROUND

Silva's complaint—which he claims the government instructed him to file "to stand up for the rights of everyone"—is difficult to decipher. It is nearly twenty-three pages long, single-spaced, and filled with meandering, often unintelligible allegations. It contains details about Silva's life and personal relationships, as well as references to politics, historical events, and the ongoing pandemic. The main allegations in the complaint concern prescription drugs and wireless torture.

Silva alleges that the prescription drugs he has been taking, including amphetamine and testosterone produced by Northstar and Perrigo, are fake. He claims that Northstar and Perrigo "are not the only offenders" and that other

---

[1] Collectively, these defendants will be referred to as "the Federal Agencies." Silva did not serve the Army, Navy, Air Force, or CIA. Counsel received notice of the suit from Perrigo's counsel.

pharmaceutical companies also distribute fake drugs.  He alleges that the Army and the CIA are involved in the production and dissemination of these fake drugs and claims that they are either "instructing these companies or hacking their machines to produce fake drugs and then teleporting the testosterone after it gets to the pharmacy out of the oil it is suspended in."

Silva also alleges that the Army, Navy, Air Force, and CIA have been torturing him wirelessly for multiple years and that the NSA has participated by demonstrating "tacit compliance…in allowing torture programs to continue and drugs to be faked."  The torture, which has been "induced wirelessly via interaction with radio waves and nanotechnology," has included forcing Silva to "grab [his] private parts for multiple hours straight as they squeezed them and shocked them remotely," manipulating his blood pressure, asphyxiating him, forcing him to watch pornographic videos of his ex-girlfriend "over [his] eyeballs," making him anxious, and causing him to feel so tired that he is unable to brush his teeth.[2]  According to Silva, the agencies have also, among other things, "teleport[ed] all of the sugar out of [his] soda and the carbonation out of [his] beer," manipulated his weight so that the scale shows that he weighs more than he actually does, faked his hormone levels,

---

[2] The complaint explains that the technology used to accomplish this torture includes "voice to skull radiotechnology claiming to be from the US military and CIA, teleportation, geolocation spoofing, pairing and interfacing of artificial intelligence psychosomatic communication, and the faking of drugs and hacking of chemistry machines which measure ingredients in drugs in addition to the hacking of weight scales."

3

and "mind control[ed] [his] mother to try to take guardianship of [him] and make [him] drop out of medical school last semester."

For relief, Silva requests "legitimate" drugs, an offer to join the U.S. Army after finishing medical school, and $100,000.00. He would alternatively accept $80,000 for a contract to join the Army after he graduates from medical school.[3]

## LEGAL STANDARDS

### Rule 12(b)(1)

The party invoking subject matter jurisdiction bears the burden of establishing that the case is properly in federal court. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992) (citations omitted). This means satisfying the statutory requirements under 28 U.S.C. § 1331 (federal question cases) or 28 U.S.C. § 1332 (diversity cases), in addition to the constitutional requirements for standing. If a court lacks subject matter jurisdiction, it must dismiss the case. ABF Freight Sys., Inc. v. Int'l Bhd. of Teamsters, 645 F.3d 954, 958 (8th Cir. 2011).

### Rule 12(b)(6)

In ruling on a motion to dismiss under Rule 12(b)(6), I must accept as true all factual allegations in the complaint and view them in the light most favorable to the

---

[3] Apparently, Silva has previously applied to "the armed forced [sic] [more than] 16 times, the CIA two to four times, and the FBI once" but "received no call back from any of them." He alleged that they did "not allow [him] a waiver to pass the duck walk at the MEPS examination center in downtown St. Louis or in Redding, California."

4

plaintiff. Hager v. Ark. Dep't of Health, 735 F.3d 1009, 1013 (8th Cir. 2013). The federal rules require only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, a plaintiff need not provide "detailed factual allegations" but must provide "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

### Pro Se Pleading Standard

Because Silva is a pro se litigant, his complaint is entitled to liberal construction. However, he "still must allege sufficient facts to support the claims advanced." Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). See also Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) ("Although we view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law") (citations omitted).

### ANALYSIS

#### 1. Perrigo and Northstar

Perrigo and Northstar argue that this Court lacks jurisdiction over Silva's claims under 28 U.S.C. § 1915 because "federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly unsubstantial, [or] obviously frivolous." Hagans v. Lavine, 415 U.S. 528, 536-37 (1974) (citations and internal quotation

marks omitted).  However, because all of the defendants have filed motions to dismiss in response to the complaint, I will review Silva's claims under Rule 12(b)(1) and Rule 12(b)(6) rather than conducting frivolity review under § 1915. See Williams v. White, 897 F.2d 942, 943-44 (8th Cir. 1990) ("Dismissals under section 1915 are to be made early in the proceedings, *before* service of process on the defendant and *before* burdening a defendant with the necessity of making a responsive answer under the rules of civil procedure.").

It is unclear that this case is properly in federal court, since the complaint gives no indication that the requirements for either diversity or federal question jurisdiction have been satisfied.  Assuming that jurisdiction exists, the complaint does not state "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Reading the complaint in the light most favorable to Silva, he appears to allege that the drug companies and the federal government have entered into a conspiracy to supply consumers with fake drugs.  There are no specific factual allegations offered in support of this conclusion, beyond the assertion that Silva has taken fake prescription drugs produced by Perrigo and Northstar.  Even assuming that this is true, it is not clear from the complaint that Perrigo and Northstar actually caused the injuries of which Silva complains, given his allegation that the Army and the CIA "are instructing these companies or hacking their machines to produce fake drugs and then

6

teleporting the testosterone after it gets to the pharmacy out of the oil it is suspended in." As a result, the complaint does not contain "factual content that allows the court to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Additionally, as Perrigo points out in its motion to dismiss, a plaintiff alleging fraud or mistake must "state with particularity the circumstances constituting fraud or mistake" to survive a motion to dismiss under Fed. R. Civ. P. 9(b). "Highly specific allegations" are not required under Rule 9(b). Abels v. Farmers Commodities Corp., 259 F.3d 910, 921 (8th Cir. 2001). However, "conclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule." Schaller Telephone Co. v. Golden Sky Sys., Inc., 298 F.3d 736, 746 (8th Cir. 2002) (citation omitted). Because Silva has not satisfied this heightened pleading standard, I will dismiss his claims against Perrigo and Northstar.

### 2. Federal Agencies

The Federal Agencies contend that this Court lacks subject matter jurisdiction over this case because it appears that Silva has attempted to allege tort claims against them that fall within the purview of the Federal Tort Claims Act ("FTCA"). They further contend that even if jurisdiction exists, Silva's claims against them must be dismissed under Rule 12(b)(6).

7

Reading the complaint in the light most favorable to Silva, I agree that the claims are most fairly interpreted as attempted tort claims.  Under the FTCA, a plaintiff can sue the federal government in federal court for "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."  28 U.S.C. § 1346(b)(1).  However, the FTCA only authorizes suits against the United States; it does not permit suits against federal agencies.  Duncan v. Dep't of Labor, 313 F.3d 445, 447 (8th Cir. 2002).  Furthermore, before filing an FTCA claim, a plaintiff must fulfill the administrative presentment requirements set forth at 28 U.S.C. § 2675(a).  There is no indication that Silva presented his claims to any of the Federal Agencies before filing suit.  See Bellecourt v. United States, 994 F.2d 427, 430 (8th Cir. 1993) ("Presentment of an administrative claim is jurisdictional and must be pleaded and proven by the FTCA claimant.") (citations omitted).  As a result, it appears that this case is not properly before the Court.

Even if Silva did not intend to bring tort claims against the Federal Agencies, it is impossible to determine any other cause of action from which his claims could arise.  His allegations against the Federal Agencies are as vague, conclusory, and conspiratorial as his allegations against Perrigo and Northstar.  Because the complaint fails "to give the [defendants] fair notice of the nature and basis or grounds

for a claim, and a general indication of the type of litigation involved," Hopkins v. Saunders, 199 F.3d 968, 973 (8th Cir. 1999), I will dismiss Silva's claims against the Federal Agencies.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motions to dismiss, [8], [12], and [15], are **GRANTED**.

/s/ Rodney W. Sippel
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 17th day of May, 2021.